ALEXANDER FRIEDBERG, TRADING AS SLATE PRODUCTS COMPANY, PLAINTIFF-RESPONDENT, v. FAY D. LIEBERMAN, DEFENDANT-APPELLANT.

Argued January 19, 1944—Decided April 4, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Ralph H. Jacobson.*

For the defendant-appellant, *Aaron Heller.*

The opinion of the court was delivered by

CASE, J. The plaintiff, a materialman, sold to Leo Construction Co., a corporation, and Leo Lieberman, president of the corporation, materials which went into a house then in course of construction in Paterson. A part of the debt was paid by the corporation. This action was brought for the unpaid balance of the account, and judgment was awarded against Fay D. Lieberman, wife of Leo, upon the claim that she was an undisclosed principal in the transaction and that her husband had acted as her agent.

Leo Lieberman was president of two affiliated corporations engaged in constructing houses, the Leo Development Co. and the Leo Construction Co. There was a rather close connection between plaintiff's Teaneck establishment and Lieberman. Lieberman's office was physically connected with that of the plaintiff. Indeed, plaintiff's manager had induced Lieberman to take that space. The Leo Development Co. had

built fifty houses in Teaneck and plaintiff had furnished material for a number of them. The Leo Construction Co.— so the uncontradicted testimony is—constructed three houses on three adjoining lots, and for separate owners—one of them Mrs. Lieberman—in the City of Paterson. Immediately after completion Mrs. Lieberman, with her husband, entered into the occupancy of her house. At a loosely fixed date from four to six months after the delivery of the last material plaintiff's manager examined the public records and discovered what he had not theretofore known, namely, that Mrs. Lieberman was, and had been during the construction period, the owner of that property. While the Paterson work was in progress plaintiff received at least two checks from the Leo Construction Co., one of which it credited on account of materials delivered at Mrs. Lieberman's house and another of which it credited to an unpaid account of the Leo Development Co. Lieberman testified that his wife had nothing to do with the work of construction and that he did not act as her agent in the purchase of any materials.

The appeal grounds in the refusal of the trial court to grant motions for nonsuit against the plaintiff and for judgment in favor of the defendant.

The decision of a District Court will stand if there is legal evidence upon which the judgment may rest. There were only two witnesses, plaintiff's manager, for the plaintiff, and Lieberman, for the defendant. The trial judge apparently did not give credence to Lieberman's testimony. Nevertheless, even if it be that the only credible evidence was given by plaintiff's one witness and that the testimony of that witness was all true, we have nothing of value on the issue except that plaintiff extended credit to the Leo Construction Co. and Leo Lieberman for materials that were put in Mrs. Lieberman's house, and that Mr. and Mrs. Lieberman moved into the house upon its completion. The relationship of husband and wife does not of itself raise a presumption that the husband is the wife's agent, *Sladkin* v. *Ruby,* 103 *N. J. L.* 449, 454; and the fact of ownership does not raise a presumption that materials purchased by a builder and incorporated in the property were bought by the builder as the

owner's agent. There must be some proof which either directly or by fair inference sets the wife up as the principal in the transaction sued upon. It was consistent with the proofs—it is the undisputed proof if Mr. Lieberman's testimony be given credence—that Mrs. Lieberman had orally contracted, in the same manner that the other owners had done, for the construction of her home. There was nothing to show that Mrs. Lieberman had directed these purchases or any purchases to be made, or that she had hired or arranged for the hiring of labor, or that she had pursued any relevant course of conduct, or that she had any knowledge of the status or progress of the work. The court below relied, and the respondent here relies, upon *Black* v. *McQuaid, 75 N. J. L.* 639; but in that case there was proof that the wife, to some extent, directed the scheme of improvement, that she was frequently at the premises inspecting the work during its progress, that she herself ordered some of the work and that she gave personal assurances after the completion of the work that the claimant in the action would be paid. We conclude that there are no proofs to sustain a finding of agency.

The judgment below will be reversed, with costs.